UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL DIXON,<br><br>               Petitioner,<br><br>v.<br><br>JAY CHRISTENSEN,<br><br>               Respondent. | Case No. 1:21-cv-00213-REP<br><br>**INITIAL REVIEW ORDER** |

Petitioner Daniel Dixon has filed a Petition for Writ of Habeas Corpus challenging his 2006 state court convictions for lewd and lascivious conduct and first-degree kidnapping. *Pet.*, Dkt. 2, at 1. All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 7.

The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

**1.    Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

2.  **Discussion**

Petitioner previously brought a habeas corpus action in this Court challenging the same 2006 convictions. *See Dixon v. Yordy*, No. 1:14-cv-00551-REB (D. Idaho). That petition was dismissed with prejudice in 2018, and Petitioner did not appeal. *See id.* at Dkts. 25 & 26.

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction, parole revocation, or sentence as in a previous habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks omitted).

Here, absent permission from the United States Court of Appeals for the Ninth Circuit, Petitioner cannot proceed with the instant Petition for Writ of Habeas Corpus. Petitioner has not shown that he has obtained such permission. Although Petitioner asks *this* Court to allow the successive petition, *see* Dkts. 3 & 8, it lacks authority to do so.

For the foregoing reasons, the Petition in this case is subject to summary dismissal.

# ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 2) is DISMISSED without prejudice.

2. Petitioner's Applications for Leave to File Second or Successive Petition (Dkts. 3 & 8) are DENIED.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner intends to appeal, he must file a timely notice of appeal in this Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: June 28, 2021

_____
Honorable Raymond E. Patricco
United States Magistrate Judge